IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Donald Ray Lewis, Jr., | : | |
| Plaintiff | : | Civil Action 2:12-cv-0573 |
| v. | : | Judge Smith |
| Warden, Chillicothe Correctional Institution, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants | | |
| | : | |

**INITIAL SCREENING
REPORT AND RECOMMENDATION**

Plaintiff Donald Ray Lewis, Jr., an inmate at Chillicothe Correctional Institution, brings this prisoner civil rights action under 42 U.S.C. §1983 alleging that defendants have denied him proper treatment for his cancer. This matter is before the Magistrate Judge for a Report and Recommendation on initial screening of the complaint pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to identify cognizable claims,

---

[1]The full text of §1915A reads:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal.--On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted and therefore **RECOMMENDS** dismissal of the complaint.

The complaint alleges, in full: "On several occasions as the Plaintiff will be able to demonstrate, the medical staff here at the Chillicothe Correctional Institution has been ineffective in proceeding with medical treatment for the cancer that Plaintiff has and has shown deliberate indifference to Plaintiff's medical needs."

Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus*, 551 U.S. 89, 93127 S.Ct. 2197 (2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds

---

        (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

        (2) seeks monetary relief from a defendant who is immune from such relief.

        (c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

> upon which it rests.': *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, __, 127
> S.Ct. 1955, __ (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

Here the complaint fails to give any defendant notice of what he or she did to subject plaintiff Lewis to cruel and unusual punishment. It does not allege the date(s) they engaged in actionable conduct. Simply put, the complaint fails to give defendants fair notice of the grounds upon which plaintiff's claims rest.

Accordingly, it is hereby **RECOMMENDED** that the complaint be **DISMISSED** for failure to state a claim under 42 U.S.C. §1983.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order. Defendants are not required to answer the complaint unless later ordered to do so by the Court.

The Clerk of Court is DIRECTED to mail a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, OH 43215.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. See 28 U.S.C. §636(b)(1)(B); Fed. R.

Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Service*s, 892 F.2d 15, 16 (2d Cir. 1989).

<u>s/Mark R. Abel</u>  
United States Magistrate Judge